# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **ICON INTERNET COMPETENCE NETWORK B.V.,** | § § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § § | **Civil Action No. 3:11-cv-01131-O** |
| **TRAVELOCITY.COM LP,** | § § § | |
| **Defendant.** | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Travelocity.com LP's ("Travelocity") Second Motion for Summary Judgment of Non-Infringement (ECF No. 130), filed December 18, 2012, Travelocity's Brief in Support of its Second Motion for Summary Judgment of Non-Infringement (ECF No. 130-1), Travelocity's Appendix in Support of its Second Motion for Summary Judgment of Non-Infringement (ECF No. 131); Plaintiff ICON Internet Competence Network B.V.'s ("ICON") Response in Opposition to Travelocity's Second Motion for Summary Judgment of Non-Infringement (ECF No. 141), ICON's Brief in Support of its Response to Travelocity's Second Motion for Summary Judgment of Non-Infringement (ECF No. 142), ICON's Appendix in Support of its Response to Travelocity's Second Motion for Summary Judgment of Non-Infringement (ECF No. 143); and Travelocity's Reply Brief in Support of its Second Motion for Summary Judgment of Non-Infringement (ECF No. 155).

Also before the Court are Travelocity's Motion to Strike the Declaration of Ahmed H. Tewfik (ECF No. 153), filed January 22, 2013, Travelocity's Appendix in Support of its Motion to

Strike Declaration Ahmed H. Tewfik (ECF No. 154), ICON's Response in Opposition to Travelocity's Motion to Strike the Declaration of Ahmed Tewfik (ECF No. 174), ICON's Appendix in Support of its Response in Opposition to Travelocity's Motion to Strike the Declaration of Ahmed H. Tewfik (ECF No. 175), and Travelocity's Reply Brief in Support of its Motion to Strike the Declaration of Dr. Ahmed Tewfik (ECF No. 178).

Having considered the motions, the related briefing, the record in this case, and the applicable law, the Court finds that Travelocity's Motion to Strike the Declaration of Ahmed H. Tewfik (ECF No. 153) should be and is hereby **DENIED**, and Travelocity's Second Motion for Summary Judgment of Non-Infringement (ECF No. 130) should be and is hereby **GRANTED**.

## I.     BACKGROUND

Plaintiff ICON is the owner by assignment of U.S. Patent No. 6,002,853 (the "'853 patent"), entitled "System for Generating Graphics in Response to a Database Search," which generally relates to "systems including databases," "systems including displays for displaying the results of a database search," and "computer networks." U.S. Patent No. 6,002,853 col.1 l.11–14 (filed Oct. 26, 1995). On May 27, 2011, ICON sued Travelocity for patent infringement in federal district court. *See generally* Compl., ECF No. 1. In its complaint, ICON alleges that Travelocity "has been and/or is now directly infringing one or more claims of the '853 patent by making, using, selling, and/or offering for sale products and/or services that fall within the scope of at least one claim of the '853 patent, including the searching services provided through the Travelocity website having a URL of http://www.travelocity.com." *Id.* ¶ 9. ICON asserts independent claims 1, 10, and 11 of the '853 patent against Travelocity, as well as dependent claims 2–7.

Claim 1 of the '853 patent requires:

> A server configured to communicate with a client that selectively connects to the server, the server comprising:
>
> a memory, and a database defined in the memory, the database including data about businesses, which data includes at least the names of respective businesses and categories in which respective businesses are classified;
>
> communication hardware providing for communication between the server and the client;
>
> the server communicating to the client an interface for use in requesting a search of the database in response to a client connecting to the server, the server, in response to a search request made using the interface, searching the database and generating a screen display for the client, the screen display varying depending on the results of the search and including graphics items arranged to provide the appearance of at least part of a commercial area, at least some of the graphics items having the appearance of storefronts, respective graphics items being associated with respective businesses, multiple storefronts of the screen display being associated with businesses of the same category depending on the search request, the screen display being navigable to reveal graphics items adjacent to those that are displayed, the selection of individual graphics items for inclusion in the screen display varying depending on the results of the search.

U.S. Patent No. 6,002,853 col.10 l.24–48 (filed Oct. 26, 1995).  Independent claim 10 requires a "memory bearing software to be executed by a server" that allows the server to communicate with a client, and independent claim 11 requires a particular "method" of communicating with a client. *See id.* col.11 l.9 to col.12 l.26.  Independent claims 10 and 11 both include essentially the same limitations as independent claim 1.  *See generally id.*  Dependent claims 2–7 each require "[a] server in accordance with claim 1."  *See id.* col.10 l.49 to col.11 l.2.

Each of the asserted claims contains the "graphics items arranged to provide the appearance of at least part of a commercial area, at least some of the graphics items having the appearance of storefronts" limitation.  *See* U.S. Patent No. 6,002,853 col.10 l.37–40, col.11 l.21–24, col.12 l.15–18 (filed Oct. 26, 1995).  The Court construed this phrase as "images arranged into a scene resembling

an area having businesses, at least some of the images having the look of the front exterior of a business."  Claim Construction Order 18, May 1, 2012, ECF No. 55.

Travelocity controls and operates one or more web servers that it uses to provide the website http://www.travelocity.com.  Def.'s Br. Supp. 2d Mot. Summ. J. Non-Infringement 2, ECF No. 130-1.  Users can access the website through the Internet using an internet browser.  *Id.*  Once a user connects to Travelocity's servers through http://www.travelocity.com, Travelocity transmits to the user a web page with a search interface for flights, hotels, car rentals, or vacation packages.  *Id.*  The user inputs his particular search parameters, and the server searches through Travelocity's databases to generate a web page containing the results of the search and instructions for the user's computer to display the results.  *Id.* at 3.  The images included in the search results depend on the parameters of the user's search.  *Id.*  The results web page that Travelocity's servers return has separate tabs labeled "List View," "Map View," and "Top Secret Hotels."  *Id.*  When the user selects the "Map View" tab, Travelocity's servers direct him to a separate web page that instructs the user's computer to display a map of the geographical area of the search; a list of hotels with associated graphics, usually images of the exterior of the hotels; advertisements; and information related to the user's search criteria.  *Id.*  The web page causes a user's computer to display a map with business locations indicated by numbered boxes.  *Id.*; *see* Pl.'s Br. Supp. Resp. Travelocity's 2d Mot. Summ. J. Non-Infringement 15 (Fig.2), ECF No. 142.  When the user selects one of the numbered boxes, a pop-up window appears in the map area that contains an image of the front of the hotel that can be found at that location with a line drawn to the approximate location of the hotel on the map.  *See* Pl.'s Br. Supp. Resp. Travelocity's 2d Mot. Summ. J. Non-Infringement 16, 17 (Fig.3), ECF No. 142.  This "Map View" tab is the focus of Travelocity's second motion for summary judgment.

4

On July 23, 2012, Travelocity filed its first motion for summary judgment of non-infringement, asserting that its website lacks the "multiple storefronts of the screen display being associated with businesses of the same category depending on the search request" limitation, which is required by all asserted claims. *See* Def.'s Mot. Summ. J. Non-Infringement 1, ECF No. 58. ICON responds that Travelocity is not entitled to summary judgment because Travelocity's accused products and services practice this limitation and, at the very least, there is a genuine issue of material fact. *See* Pl.'s Br. Supp. Resp. Travelocity's Mot. Summ. J. Non-Infringement 2, ECF No. 67. On December 18, 2012, Travelocity filed its second motion for summary judgment of non-infringement, asserting that its website lacks the "graphics items arranged to provide the appearance of at least part of a commercial area, at least some of the graphics items having the appearance of storefronts" limitation, which is required by all asserted claims. *See* Def.'s 2d Mot. Summ. J. Non-Infringement 1–2, ECF No. 130. ICON responds that Travelocity is not entitled to summary judgment because Travelocity's accused products and services practice this limitation and, at the very least, there is a genuine issue of material fact. *See* Pl.'s Br. Supp. Resp. Travelocity's 2d Mot. Summ. J. Non-Infringement 5–6, ECF No. 142. The parties have fully briefed the issues, and this matter is ripe for determination. Because the Court finds that Travelocity's second motion for summary judgment of non-infringement should be granted, the Court finds it unnecessary to address the merits of Travelocity's first motion for summary judgment. The Court will first address the merits of Travelocity's Motion to Strike the Declaration of Ahmad H. Tewfik (ECF No. 153) before addressing the merits of Travelocity's Second Motion for Summary Judgment of Non-Infringement (ECF No. 130).

## II.    MOTION TO STRIKE

On January 22, 2013, Travelocity filed its Motion to Strike the Declaration of Ahmed H. Tewfik (ECF No. 153), asserting that the declaration of Ahmed H. Tewfik, Sc.D. ("Dr. Tewfik"), attached as exhibit five of ICON's Appendix in Support of its Response to Travelocity's Second Motion for Summary Judgment of Non-Infringement (ECF No. 143), contains "new expert opinions of infringement that have never before been disclosed." Def.'s Mot. Strike Decl. Tewfik 1, ECF No. 153.   Travelocity contends that the following opinions were disclosed for the first time in Dr. Tewfik's declaration: (1) Travelocity's servers generate a screen display containing information or code representing "images arranged into a scene resembling an area having businesses," including images having "the look of the front exterior of a business," as evidenced by a screenshot of the "map view" tab of Travelocity's website where pop-up windows with hotel information are included in the map area, even though the storefront images may not be initially visible to the client; and (2) because of the distinction between the web page on Travelocity's server and what is actually seen on a user's monitor, Travelocity could not avoid infringement by preventing a user at a client computer from seeing on a remote monitor the storefront images selected by Travelocity's server; rather, Travelocity would have to modify its computer code to prevent its servers from gathering and returning information or code representing graphics items that correspond to the storefront images of hotels.  *Id.* at 2–3.  Travelocity contends that the distinction between the capabilities of the code at the server level and what is visible on a screen display "does not appear in Dr. Tewfik's preliminary expert report as a basis for how Travelocity has 'graphics items having the appearance of storefronts' within the 'commercial area.'"  *Id.* at 3.  Travelocity urges the Court to strike Dr. Tewfik's declaration because "ICON has no basis for changing its infringement theory again at this

6

late stage in the litigation," and "Travelocity would be severely prejudiced in its preparation for trial if ICON were allowed to supplement its infringement expert opinions." *Id.* at 4.

ICON argues that Dr. Tewfik's declaration does not contain any new expert opinions, because "throughout this litigation, Dr. Tewfik has made clear that the infringement issue concerns Defendant's making or using of ICON's claimed servers, software, and method." Pl.'s Resp. Opp'n Travelocity's Mot. Strike Decl. Tewfik 2, ECF No. 174. ICON asserts that the distinction between "capabilities of the code at the server and what is visible on the screen display" is not "obscure"; rather, "the distinction is unambiguous and real as screenshots only evidence infringement of ICON's systems and methods." *Id.*

Federal Rule of Civil Procedure 26 requires a party utilizing an expert to submit an expert report containing "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Rule 16(b) authorizes federal courts to control the discovery process through a scheduling order, which may include setting deadlines for designating experts and filing expert reports. Fed. R. Civ. P. 16(b). "Rule 37(b)(2)(B) authorizes the district court to impose sanctions on a disobedient party by refusing to allow that party to introduce designated matters into evidence." *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996); Fed. R. Civ. P. 37(b)(2)(B). A court may properly exclude expert opinions that are not timely disclosed after examining four factors:

> (1) the explanation, if any, for the party's failure to comply with the discovery order;
> (2) the prejudice to the opposing party of allowing the witnesses to testify;
> (3) the possibility of curing such prejudice by granting a continuance; and
> (4) the importance of the witnesses' testimony.

7

*Barrett*, 95 F.3d at 380.   Before analyzing these four factors, the Court must determine if the opinions included in Dr. Tewfik's declaration constitute new, untimely expert opinions.

Travelocity contends that Dr. Tewfik's reliance on the pop-up windows in the map area to prove that Travelocity's servers satisfy the claim limitation "graphics items arranged to provide the appearance of at least part of a commercial area, at least some of the graphics items having the appearance of storefronts" is a newly disclosed expert opinion.   Def.'s Reply Br. Supp. Mot. Strike Decl. Tewfik 1, ECF No. 178.   ICON argues, and the Court agrees, that Dr. Tewfik's reliance on the pop-up windows to prove infringement is consistent with Dr. Tewfik's previously disclosed opinions, which focus on the capabilities of Travelocity's servers as merely evidenced by various screenshots.   *See* Pl.'s Resp. Opp'n Travelocity's Mot. Strike Decl. Tewfik 8, ECF No. 174; Pl.'s App. Supp. Resp. Travelocity's 2d Mot. Summ. J. Non-Infringement Ex. 7 (Tewfik Dep.) 127:1–12, 137:15–138:16, 51:1–52:3, at App. 339, 342, 320, ECF No. 143; *id.* Ex. 6 (Tewfik Prelim. Expert Report) ¶¶ 24, 25, 46–65, at App. 69, 75–95.   Additionally, ICON's Final Infringement Contentions specifically describe the pop-up windows that appear in the map area when explaining its theory of how Travelocity's website infringes the "at least some of the graphics items having the appearance of storefronts" limitation.   Def.'s App. Supp. Mot. Summ. J. Non-Infringement Ex. H (Pl.'s Disclosure Asserted Claims & Final Infringement Contentions), at App. 97, ECF No. 60-8. Therefore, the Court finds that Dr. Tewfik's declaration does not contain any newly disclosed expert opinions and need not be stricken.   Furthermore, even if Dr. Tewfik's declaration did qualify as a newly disclosed expert opinion, given the non-technical nature of Dr. Tewfik's reliance on the pop-

up windows to prove that Travelocity's servers satisfy the disputed claim limitation, the Court finds that Travelocity will not be prejudiced by the Court's consideration of the declaration.

Accordingly, the Court finds that Travelocity's Motion to Strike the Declaration of Ahmed H. Tewfik (ECF No. 153) should be and is hereby **DENIED**. The Court will now address the merits of Travelocity's Second Motion for Summary Judgment of Non-Infringement (ECF No. 130).

## III.   LEGAL STANDARD

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323–24. To carry this burden, the "opponent must do more than simply show . . . some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249. Neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian*

9

*v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Summary judgment in favor of the Defendant is proper if, after adequate time for discovery, the Plaintiff fails to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322–23.

When weighing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and draw all reasonable inferences in favor of the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

## IV.   ANALYSIS

In its second motion for summary judgment, Travelocity argues that it is entitled to summary judgment of non-infringement because its accused website does not practice the express claim limitation of "graphics items arranged to provide the appearance of at least part of a commercial area, at least some of the graphics items having the appearance of storefronts" either literally or under the doctrine of equivalents. Def.'s Br. Supp. 2d Mot. Summ. J. Non-Infringement 8, 9, ECF No. 130-1. ICON responds that Travelocity's accused website practices this limitation of the asserted claims, or, at the very least, there is a genuine issue of material fact. Pl.'s Br. Supp. Resp. Travelocity's 2d Mot. Summ. J. Non-Infringement 12, ECF No. 142. For the reasons set forth below, the Court finds

that there is no genuine issue of material fact as to whether Travelocity's accused website infringes the '853 patent either literally or under the doctrine of equivalents, and Travelocity is entitled to summary judgment of non-infringement.

### A.      Literal Infringement

ICON and Travelocity are generally in agreement as to the way Travelocity's website functions and is displayed on a remote user's computer monitor.  When a user inputs his particular search parameters into the search interface, Travelocity's server searches through Travelocity's databases to generate a web page containing the results of the search and instructions for the user's computer to display the results.  Def.'s Br. Supp. 2d Mot. Summ. J. Non-Infringement 3, ECF No. 130-1. The results web page has separate tabs labeled "List View," "Map View," and "Top Secret Hotels."  *Id.*   When the user selects the "Map View" tab, Travelocity's servers direct him to a separate web page that instructs the user's computer to display a map of the geographical area of the search with a list of hotels below the map area.   *Id.*   The hotels in the list are accompanied by graphics, which are usually images of the exterior of the hotels.   *Id.*   The map area contains numbered boxes indicating the approximate locations of the hotels.   *Id.*; *see* Pl.'s Br. Supp. Resp. Travelocity's 2d Mot. Summ. J. Non-Infringement 15 (Fig.2), ECF No. 142.  When the user selects one of the numbered boxes, a pop-up window appears in the map area that contains an image of the front of the hotel that can be found at that location with a line drawn to the approximate location of the hotel on the map.  *See* Pl.'s Br. Supp. Resp. Travelocity's 2d Mot. Summ. J. Non-Infringement 16, 17 (Fig.3), ECF No. 142.  ICON and Travelocity disagree as to whether these facts establish that Travelocity's accused products and services practice the claim limitation "graphics items arranged

to provide the appearance of at least part of a commercial area, at least some of the graphics items having the appearance of storefronts" as construed by the Court.

Where the parties do not dispute any relevant facts regarding the accused product but disagree over which of two possible meanings of a claim is the proper one, "the question of literal infringement collapses to one of claim construction and is thus amenable to summary judgment." *Athletic Alts., Inc. v. Prince Mfg., Inc.*, 73 F.3d 1573, 1578 (Fed. Cir. 1996); *MyMail, Ltd. v. Am. Online, Inc.*, 476 F.3d 1372, 1378 (Fed. Cir. 2007); *Gen. Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 983 (Fed. Cir. 1997) (citing *Athletic Alts.*, 73 F.3d at 1578). Here, ICON and Travelocity disagree about whether the pop-up windows containing storefront images that appear when a user selects a number in the map area of the "Map View" tab meet the limitations of the '853 patent. Because this issue is one of claim construction, the Court may resolve it at the summary judgment stage. Accordingly, the Court now turns to the issue of literal infringement.

"A finding of literal infringement requires that the asserted claims, as properly construed, read on the accused product." *Morton Int'l, Inc. v. Cardinal Chem. Co.*, 5 F.3d 1464, 1468 (Fed. Cir. 1993). A claim covers or reads on an accused device "if the device embodies every limitation of the claim, either literally or by [a substantial] equivalent." *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1576 (Fed. Cir. 1993). "Literal infringement is found where the accused device falls within the scope of the asserted claims as properly interpreted." *Lantech, Inc. v. Keip Mach. Co.*, 32 F.3d 542, 547 (Fed. Cir. 1994). "For literal infringement, each limitation of the claim must be met by the accused device exactly, any deviation from the claim precluding a finding of infringement." *Id.*

12

The '853 patent requires a server "generating a screen display for the client, the screen display . . . including graphics items arranged to provide the appearance of at least part of a commercial area, at least some of the graphics items having the appearance of storefronts." U.S. Patent No. 6,002,853 col.10 l.31–40 (filed Oct. 26, 1995).   The Court has determined that "generating a screen display" means "selecting and arranging images for inclusion in a screen visible on the client."   Claim Construction Order 12, 27, May 1, 2012, ECF No. 55.   The Court has determined that "graphics items arranged to provide the appearance of at least part of a commercial area, at least some of the graphics items having the appearance of storefronts" means "images arranged into a scene resembling an area having businesses, at least some of the images having the look of the front exterior of a business." *Id.* at 18, 27.   Therefore, the '853 patent requires a server that selects and arranges images "for inclusion in a screen visible on the client," and the screen visible on the client must include "images arranged into a scene resembling an area having businesses, at least some of the images having the look of the front exterior of a business."   The Court has also concluded that it is consistent with the claim language to require that the storefront images be a subset of the commercial area. *Id.* at 18.   In other words, some of the "images arranged into a scene resembling an area having businesses" must be "images having the look of the front exterior of a business."

Travelocity argues that its website lacks the claim limitation "graphics items arranged to provide the appearance of at least part of a commercial area, at least some of the graphics items having the appearance of storefronts," because the "Map View" tab of the website's search results page contains a map at the top (the "commercial area") and a list of hotels with associated images of the front exteriors of the businesses (the "graphics items having the appearance of storefronts")

13

below the map area.  Def.'s Br. Supp. 2d Mot. Summ. J. Non-Infringement 8–9, ECF No. 130-1.

Travelocity has included screenshots depicting what is displayed on a remote user's monitor when

he accesses the "Map View" tab of Travelocity's website.  *Id.* at 7, 8.  Because the "graphics items

having the appearance of storefronts" are not included within the "commercial area," Travelocity

contends that its products and services do not practice the disputed claim limitation.  *Id.*

Furthermore, Travelocity argues that the pop-up windows containing hotel images that appear in the

map area when a user selects a numbered box do not meet the claim limitation because the pop-up

windows are not a subset of the map.  Def.'s Reply Br. Supp. 2d Mot. Summ. J. Non-Infringement

7, ECF No. 155; *see* Pl.'s Br. Supp. Resp. Travelocity's 2d Mot. Summ. J. Non-Infringement 17

(Fig.3), ECF No. 142.  The pop-up windows are overlaid *on top* of the map, and the hotel images

in the pop-up windows are not part of the "scene resembling an area having businesses."  *Id.* at 7–8.

In response, ICON argues that the storefront images that appear in the pop-up windows when a user

selects a numbered box in the map area satisfy the disputed claim limitation because they appear in

the same area of the screen as the map of the geographical area.  Pl.'s Br. Supp. Resp. Travelocity's

2d Mot. Summ. J. Non-Infringement 12, 13 (Fig.1), 16, 17 (Fig.3), ECF No. 142.  The Court agrees

with Travelocity's analysis of the claim limitation.

   As stated previously, the language of the patent claims focuses on what is included in the

screen display, which the Court has construed as "a screen visible on the client."  *Id.* at 27.

Therefore, it is appropriate to analyze the screenshots that depict what is displayed on a remote user's

computer monitor.  On the "Map View" area of Travelocity's website, a remote user's monitor

displays the storefront images either in a list *below* the map area or in a pop-up window overlaid *on*

*top of* the map area.  The storefront images in the list and the storefront images in the pop-up

windows are not part of the images "arranged into a scene resembling an area having businesses" and therefore do not satisfy the disputed claim limitation.  Thus, Travelocity is entitled to summary judgment of non-infringement because its accused products and services do not literally practice the "graphics items arranged to provide the appearance of at least part of a commercial area, at least some of the graphics items having the appearance of storefronts" claim limitation.

ICON contends that the infringement analysis should focus on Travelocity's accused servers and software and the process performed by their operation, not on what may be displayed on a remote user's screen at any given point in time.  Pl.'s Br. Supp. Resp. Travelocity's 2d Mot. Summ. J. Non-Infringement 7–8, ECF No. 142.  As a result, ICON argues that screenshots representing what is displayed on a remote user's monitor at a specific point in time are not determinative, but merely provide evidence of what Travelocity's servers are capable of doing.  *Id.*  ICON argues that the computer information or code assembled by Travelocity's servers for determining what will be seen on a remote user's monitor contains the disputed claim limitation, regardless of what is actually displayed on the remote user's monitor, as evidenced by screenshots.  *Id.* at 8.  ICON relies on the code assembled by Travelocity's servers to establish infringement of the '853 patent, but ICON never provides any explanation of how the provided code establishes infringement.  *See, e.g.*, Pl.'s App. Supp. Resp. Travelocity's 2d Mot. Summ. J. Non-Infringement Ex. 6 (Tewfik Prelim. Expert Report) ¶ 55, at App. 80–82, ECF No. 143.  In his preliminary expert report, Dr. Tewfik explains that HTML or "HyperText Markup Language" provides instructions to a user's computer regarding how to render the web page and search results returned from a search of Travelocity's databases, how to arrange the images to be displayed along with other information on a user's computer monitor, and how to retrieve and display advertisements to the user.  *Id.*  However, Dr. Tewfik never specifically

15

analyzes the provided code or explains in detail where the disputed claim limitation can be found in the code. *See generally id.* Without any accompanying explanation, it is unclear how the code establishes that Travelocity's accused products and services infringe the '853 patent.

Similarly, in his deposition Dr. Tewfik relies on Travelocity's web page code and states that his infringement theories are based on what Travelocity's servers are capable of doing, not what is actually rendered on a remote user's monitor. Pl.'s App. Supp. Resp. Travelocity's 2d Mot. Summ. J. Non-Infringement Ex. 7 (Tewfik Dep.), at 44:5–17, 45:5–7, 51:8–52:3, at App. 318, 319, 320. However, Dr. Tewfik never specifically analyzes the code or explains how the code establishes that Travelocity's accused products and services infringe the '853 patent. *See generally id.* The same is true of Dr. Tewfik's declaration, which ICON provided with its response to Travelocity's second motion for summary judgment. *See* Pl.'s App. Supp. Resp. Travelocity's 2d Mot. Summ. J. Non-Infringement Ex. 5 (Tewfik Decl.) ¶8, at App. 54–55, ECF No. 143. Dr. Tewfik simply states in a conclusory fashion: "The computer information or code for what Travelocity describes as its 'Map View webpage' includes information or code for 'images arranged into a scene resembling an area having businesses, at least some of the images having the look of the front exterior of a business.' By means of such information or code, Travelocity selects and arranges the images for inclusion in a screen visible on a remote or 'client' computer." *Id.* Dr. Tewfik does not explain where in the code this information can be found. *Id.* ¶¶ 9–10. Such conclusory allegations are insufficient to create a genuine issue of material fact to overcome a motion for summary judgment. *See Ferring B.V. v. Barr Labs., Inc.*, 437 F.3d 1181, 1193 (Fed. Cir. 2006).

In conclusion, the various screenshots depicting what is displayed on a remote user's computer monitor on the "Map View" area of Travelocity's website indicate that the "storefront

16

images" in the list and the storefront images in the pop-up windows are not part of the images "arranged into a scene resembling an area having businesses." Therefore, Travelocity is entitled to summary judgment of non-infringement because its accused products and services do not literally practice the "graphics items arranged to provide the appearance of at least part of a commercial area, at least some of the graphics items having the appearance of storefronts" claim limitation. The testimony of ICON's expert, Dr. Tewfik, and the attached copies of Travelocity's web page code are insufficient to create a genuine issue of material fact as to whether this claim limitation is satisfied.

### B.      Doctrine of Equivalents

Travelocity argues that it is entitled to summary judgment of non-infringement under the doctrine of equivalents because ICON has failed to produce any evidence that would support a finding of infringement under this theory. Def.'s Br. Supp. 2d Mot. Summ. J. Non-Infringement 9, ECF No. 130-1; Def.'s Reply Br. Supp. Mot. Summ. J. Non-Infringement 11, ECF No. 155. ICON does not address the doctrine of equivalents in its response to Travelocity's second motion for summary judgment. *See generally* Pl.'s Br. Supp. Resp. Travelocity's 2d Mot. Summ. J. Non-Infringement, ECF No. 142. The Court finds that ICON has failed to meet its burden of presenting sufficient evidence to establish that there is a genuine issue of material fact for trial with respect to the application of the doctrine of equivalents.

"If an asserted claim does not literally read on an accused product, infringement may still occur under the doctrine of equivalents if there is not a substantial difference between the limitations of the claim and the accused product." *Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241, 1250–51 (Fed. Cir. 2000) (citing *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29, 39–41 (1997)). "A finding of infringement under the doctrine of equivalents requires a showing that

the difference between the claimed invention and the accused product or method was insubstantial or that the accused product or method performs the substantially same function in substantially the same way with substantially the same result as each claim limitation of the patented product or method." *AquaTex Indus., Inc. v. Techniche Solutions*, 479 F.3d 1320, 1326 (Fed. Cir. 2007); *Kraft Foods, Inc. v. Int'l Trading Co.*, 203 F.3d 1362, 1371 (Fed. Cir. 2000).

ICON, as the plaintiff in the present case, has the burden to prove infringement under the doctrine of equivalents by a preponderance of the evidence. *See AquaTex Indus., Inc.*, 479 F.3d at 1328. To create a genuine issue of material fact and survive summary judgment, a patent holder must "provide particularized testimony and linking argument as to the 'insubstantiality of the differences' between the claimed invention and the accused device or process, or with respect to the function, way, result test when such evidence is presented to support a finding of infringement under the doctrine of equivalents." *Id.* "Such evidence must be presented on a limitation-by-limitation basis." *Id.* When a patent holder relies on the doctrine of equivalents, it must present "the particularized testimony of a person of ordinary skill in the art, typically a qualified expert, who (on a limitation-by-limitation basis) describes the claim limitations and establishes that those skilled in the art would recognize the equivalents." *Id.* at 1329.

In the present case, ICON has set forth its final infringement contentions as required by Miscellaneous Order No. 62 §§ 3-1 and 3-6(a). *See* Def.'s App. Supp. Mot. Summ. J. Non-Infringement Ex. H (Pl.'s Disclosure Asserted Claims & Final Infringement Contentions), at App. 77–189, ECF No. 60-8. ICON's final infringement contentions include a chart that explains ICON's arguments with respect to each limitation of claims 1–7, 10, and 11 of the '853 patent. Each section

18

of the chart, which corresponds to each limitation of claims 1–7, 10 and 11 of the '853 patent,

contains the following language:

> Alternatively, to the extent Travelocity contends, or the Court or jury
> finds, that this element is not literally present in the accused server,
> ICON contends that any limitation not found to be literally present or
> performed is equivalently provided or performed, representing
> infringement under the doctrine of equivalents, in that, as described
> herein, the differences between the claimed and accused server are
> only insubstantial and/or because Travelocity's server, as described
> herein, includes substantially the same function performed in
> substantially the same way, to achieve substantially the same result
> as the requirement of the claim.

*Id.* at App. 81. This boilerplate language does not satisfy ICON's burden of presenting particularized

expert testimony of a person of ordinary skill in the art that describes the claim limitations and

establishes that those skilled in the art would recognize the equivalents. *See AquaTex Indus., Inc.*,

479 F.3d at 1329.

ICON has provided the preliminary expert report, two declarations, and deposition of Dr.

Tewfik to support its infringement contentions. *See* Pl.'s App. Supp. Resp. Travelocity's 2d Mot.

Summ. J. Non-Infringement Ex. 6 (Tewfik Prelim. Expert Report), at App. 61–307, ECF No. 143;

Pl.'s App. Supp. Resp. Travelocity's Mot. Summ. J. Non-Infringement Ex. 4 (Tewfik Decl.), at App.

35–104, ECF No. 68; Pl.'s App. Supp. Resp. Travelocity's 2d Mot. Summ. J. Non-Infringement Ex.

5 (Tewfik Decl.), at App. 52–60, ECF No. 143; *id.* Ex. 7 (Tewfik Dep.), at App. 308–48. However,

nowhere in any of these documents does Dr. Tewfik specifically address equivalents on a limitation-

by-limitation basis, explain the insubstantiality of the differences between the patented system and

the accused system, or discuss the function, way, result test. ICON presented Dr. Tewfik's testimony

for purposes of establishing literal infringement; the testimony does not purport to and therefore is

19

insufficient to establish infringement under the doctrine of equivalents.  *See Tex. Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1567 (Fed. Cir. 1996); *Lear Siegler, Inc. v. Sealy Mattress Co.*, 873 F.2d 1422, 1425 (Fed. Cir. 1989) ("The evidence and argument on the doctrine of equivalents cannot merely be subsumed in plaintiff's case of literal infringement.").  Therefore, the Court finds that ICON has failed to meet its evidentiary burden of presenting particularized expert testimony of a person of ordinary skill in the art that describes the claim limitations and establishes that those skilled in the art would recognize the equivalents.  Accordingly, Travelocity is entitled to summary judgment that its accused products and services do not practice the "graphics items arranged to provide the appearance of at least part of a commercial area, at least some of the graphics items having the appearance of storefronts" limitation under the doctrine of equivalents.

Alternatively, Travelocity argues that it does not infringe under the "all equivalents" or "all limitations" rule, which requires that the doctrine of equivalents be applied to the individual elements of the claim, rather than the invention as a whole, so that no individual elements are effectively eliminated during the course of the equivalents analysis.  Def.'s Br. Supp. 2d Mot. Summ. J. Non-Infringement 10–11, ECF No. 130-1.  Travelocity contends that any theory of equivalence would effectively vitiate the particular claim element of "graphics items arranged to provide the appearance of at least part of a commercial area, at least some of the graphics items having the appearance of storefronts."  *Id.* at 12.  Because the Court has found that ICON failed to meet its burden of presenting sufficient evidence to establish that there is a genuine issue of material fact for trial with respect to the application of the doctrine of equivalents, there is no need for the Court to address this argument.

## V.      CONCLUSION

For the foregoing reasons, it is **ORDERED** that Travelocity's Motion to Strike the Declaration of Ahmed H. Tewfik (ECF No. 153) is hereby **DENIED**, and Travelocity's Second Motion for Summary Judgment of Non-Infringement (ECF No. 130) is hereby **GRANTED**.

It is further **ORDERED** that the following motions are **DENIED as moot**: Travelocity's First Motion for Summary Judgment of Non-Infringement (ECF No. 58), ICON's Motion to Strike Defendant's Expert Testimony and Reports (ECF No. 124), Travelocity's Motion to Exclude Opinion of Plaintiff's Damages Expert, Mr. Paul Benoit (ECF No. 127), Traveolocity's Motion for Clarification of Trial Setting (ECF No. 165), ICON's Motion in Limine (ECF No. 171), and Travelocity's Disputed Motions in Limine (ECF No. 172).

**SO ORDERED** on this **22nd day** of **February**, **2013**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**